

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § § § | |
| v. | § § | Civil Action No. 3:06-CV-1883-K |
| AMT CAPITAL, LTD., | § § | |
| Defendant. | § § | |

## CONSENT ORDER

Before this Court is the Application by the United States of America, on behalf of the United States Small Business Administration (SBA), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for AMT Capital, Ltd., a Texas limited partnership (AMT). The Court, being fully advised on the merits and having been informed that AMT has consented to the relief requested in the motion, hereby **ORDERS, DECREES AND ADJUDGES**:

1. Pursuant to the provisions of 15 U.S.C. § 687c, this Court hereby assumes exclusive jurisdiction of AMT, and all of its assets, wherever located, and hereby appoints SBA as receiver (Receiver) of AMT to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of AMT's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.  The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of AMT under applicable state and federal law and by the Certificate of Limited Partnership Agreement and Limited Partnership Agreement, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. §754. The general partners, managers, directors, officers, employees, and agents of AMT are hereby dismissed. Such persons shall have no authority with respect to AMT's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of AMT and shall pursue and preserve all of its claims.

3.  The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys, and employees of AMT, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts, and all other instruments and papers of said partnership, and all other assets and property of the partnership, whether real or personal, upon receipt of instructions from the Receiver regarding the time and place of such production. AMT shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of AMT as well as the names, addresses, and amounts of claims of all known creditors of AMT. All persons having control, custody, or possession of any assets or property of AMT,

including AMT's former general partner and former management company, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors, and agents of AMT. All persons and entities owing any obligations or debts to AMT shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if AMT had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of AMT, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this

Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. AMT's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, AMT's portfolio of small business concerns and banks or other financial institutions doing business with AMT and/or AMT's portfolio of small business concerns) shall answer to the Receiver under oath, pursuant to a Receiver's Notice or Subpoena, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to AMT. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property, or business assets of AMT, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to AMT, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents and submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy, or foreclosure actions, default proceedings, or any other proceedings involving AMT or any

assets of AMT, involving AMT or its present or past officers, directors, managers, or general partners, or the Receiver, which parties have sued or have been sued for, or in connection with, any action taken by AMT's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of AMT, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All pending civil legal proceedings, wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding involving AMT or any of its assets, or any action of any nature taken by AMT's present or past officers, directors, managers, or general partners, which parties have sued or have been sued for, or in connection with, any action taken by them while acting in their official capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. AMT and its past and/or present directors, officers, managers, general partners, agents, employees, and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions, or causing any such action to be taken, which would dissipate the assets and property of

AMT to the detriment of the Receiver appointed in this cause, including but not limited to, destruction of partnership records, or which would violate Part A of Subchapter III of Chapter 14B the Small Business Investment Act of 1958, as amended, (SBIA), 15 U.S.C. Chapter 14B, Subchapter III, Part A, or the regulations promulgated thereunder, (Regulations), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of AMT, from SBA, up to $1,000,000.00, and is authorized to cause AMT to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about ten (10) percent *per annum* and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of AMT, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including, without limitation, any claims of equity holders in AMT.

11. This Court determines and adjudicates that AMT has violated the capital impairment provisions of the SBIA and the Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that AMT's license as an SBIC be revoked.

12. SBA is further entitled to a judgment against AMT in the total sum of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest

in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 thereafter.

SO ORDERED this 28th day of November 2006.

_____
UNITED STATES DISTRICT JUDGE
ED KINKEADE

AGREED:

UNITED STATES OF AMERICA
By and through its attorneys
RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
Tx Bar No. 13638020
1100 Commerce Street, Suite 300
Dallas, Texas 75242
214.659.8600
214.767.2916 (fax)
katherine.mcgovern@usdoj.gov

Attorneys for the United States on behalf
of the Small Business Administration

AMT CAPITAL, LTD.
By and through its attorneys
THOMPSON & KNIGHT LLP

_____
JOHN S. BRANNON, ESQ.
THOMPSON & KNIGHT LLP
TX Bar No. 02895500
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
214.969.1505
214.999.1608
john.brannon@tklaw.com

Attorneys for Defendant,
AMT Capital, Ltd.

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 13 2006

CLERK, U.S. DISTRICT COURT
By ____NB____
Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § Plaintiff, § § v. § § AMT CAPITAL, LTD § § Defendant. § | Civ. Action No. 3-06CV1883-K |

### COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

The United States of America, acting on behalf of its agency, the United States Small Business Administration (SBA), files its complaint against AMT Capital Ltd., a Texas limited partnership (AMT), pursuant to the Small Business Investment Act (Act), 15 U.S.C. § 687c.

Due to AMT's violations of the Act set forth herein, the United States makes application under Section 311 of the Act for entry of preliminary and permanent injunctions and for appointment of the SBA as receiver for all of AMT's assets. The United States also seeks entry of judgment against AMT arising from AMT's debt to the SBA in an amount not less than $ 20.3 million.

### I.

### PARTIES, JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by virtue of the Act, 15 U.S.C. §§ 687(d),

687c, 687h; and 28 U.S.C. § 1345. Venue is proper in this judicial district under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b) because the defendant conducts business in this judicial district.

2. Plaintiff is the United States of America acting on behalf of the SBA, whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

3. Defendant is AMT who currently maintains its principal place of business at 14241 Dallas Parkway, Suite 200, Dallas, TX 75254, and can be served there.

## II.
## STATEMENT OF FACTS AND APPLICABLE LAW

4. Paragraphs 1 through 3 are incorporated by reference as though fully set forth herein.

5. AMT was licensed by SBA as a Small Business Investment Company (SBIC) on October 7, 1991, SBA License No. 06/06-0304. Pursuant to Section 301(c) of the Act, *supra*, in becoming a SBIC licensee, AMT agreed that it would solely do business under the provisions of the Act and the Regulations promulgated thereunder.

6. Defendant's General Partner is AMT Capital G.P., Inc., a Delaware corporation, which maintains its principal place of business at 14241 Dallas Parkway, Suite 200, Dallas TX 75254.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of

SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (Regulations).

8. AMT's Agreement of Limited Partnership expressly incorporates the Act and the Regulations.

9. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

10. Pursuant to this authority, SBA provided funds to Defendant through the purchase and/or guaranty of the following Debentures, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $19,500,000, as follows:

   a. No. 04652551-05 in the amount of $2,000,000;
   b. No. 04652552-03 in the amount of $1,000,000;
   c. No. 04652553-01 in the amount of $1,000,000;
   d. No. 04652554-10 in the amount of $1,000,000;
   e. No. 04660451-03 in the amount of $1,000,000;
   f. No.04660452-01 in the amount of $1,000,000;
   g. No. 04660453-10 in the amount of $500,000;
   h. No. 04660454-08 in the amount of $500,000;
   i. No. 04660455-06 in the amount of $1,000,000;
   j. No. 04660456-04 in the amount of $500,000;
   k. No. 04660457-02 in the amount of $500,000;
   l. No. 04660458-00 in the amount of $500,000;
   m. No. 04660459-09 in the amount of $500,000;
   n. No. 04660460-01 in the amount of $500,000;

o. No. 04660461-10 in the amount of $500,000;

p. No. 04660462-08 in the amount of $500,000;

q. No. 04660463-06 in the amount of $250,000;

r. No. 04660464-04 in the amount of $250,000;

s. No. 04660465-02 in the amount of $250,000;

t. No. 04660466-00 in the amount of $250,000;

u. No. 04660467-09 in the amount of $250,000;

v. No. 04660468-07 in the amount of $250,000;

w. No. 04660469-05 in the amount of $250,000;

x. No. 04660470-08 in the amount of $250,000;

y. No. 04660471-06 in the amount of $250,000;

z. No. 04660472-04 in the amount of $250,000;

aa. No. 04670251-10 in the amount of $500,000;

bb. No. 04670252-08 in the amount of $250,000;

cc. No. 04670253-06 in the amount of $250,000;

dd. No. 04670254-04 in the amount of $250,000;

ee. No. 04670255-02 in the amount of $250,000;

ff. No. 04670256-00 in the amount of $500,000;

gg. No. 04670257-09 in the amount of $500,000;

hh. No. 04670258-07 in the amount of $500,000;

ii. No. 04670259-05 in the amount of $500,000;

jj. No. 04670260-08 in the amount of $250,000;

kk. No. 04670261-06 in the amount of $250,000;

ll. No. 04670262-04 in the amount of $250,000;

mm. No. 04670263-02 in the amount of $250,000.

11. As of July 13, 2006, Defendant was indebted in the amount of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest in the

amount of $1,016,187.04, with a per diem rate of $3,236.28.

12. The Debentures described in paragraph 10 above, are subject to, and incorporated by reference, the Regulations, including but not limited to the provisions of 13 C.F.R. §107.1810, 13 C.F.R. §§1830-1840 and 13 C.F.R §107.507.

13. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as AMT may be forfeited and the company may be declared dissolved.

14. Section 311 of the Act, 15 U.S.C. §687c, provides that if SBA makes a determination that a Licensee such as AMT, or any other person, has engaged in or is about to engage in any acts or practices which constitutes or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application to federal district court for an injunction (Section 311 Application).

15. Upon the filing of such Section 311 Application, the Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. Section 311 of the Act authorizes the Court to appoint SBA to act as receiver for such Licensee.

### III.
### COUNT ONE

## CAPITAL IMPAIRMENT

16. Paragraphs 1 through 15 are incorporated by reference as though fully set forth herein.

17. Section 107.1810(g) of the Regulations, 13 C.F.R. § 107.1810(g) (2004), which governs the Debentures, provides that the entire indebtedness, and/or the principal amount, of an SBIC's debentures may be declared due and payable on the happening of certain events of default, as described in that regulation.

18. Section 107.1810(f)(5) of the Regulations, 13 C.F.R. § 107.1810(f)(5) (2003), provides that a condition of capital impairment is an event of default with opportunity to cure.

19. Section 107.1830 of the Regulations, 13 C.F.R. § 107.1830, further provides that a Licensee, such as Defendant, has a condition of Capital Impairment if its capital impairment percentage is greater than 50%.

20. By letter dated June 29, 2005, SBA informed Defendant that, based upon an SBA Form 468 submitted by Defendant for the period ending March 31, 2004, Defendant had a capital impairment percentage of 87.8%, which percentage constituted an event of default with opportunity to cure under 13 C.F.R. § 107.1810(f) (2001).

21. That same letter gave AMT fifteen (15) days, or until July 14, 2005, to cure its condition of capital impairment.

22. AMT has failed to cure its condition of capital impairment.

*Complaint for Injunctive and Other Relief - Page 6*

23. In accordance with 13 C.F.R.§107.1810, by letter dated August 19, 2005, SBA accelerated the indebtedness evidenced by the Debentures and made demand for payment in full, totaling $20,102,781.92 comprised of $19,500,000.00 in principal, $602,781.92 in interest, with a per diem rate of $3,276.00 as of August 19, 2005.

24. On or about August 24, 2005 Defendant made a payment to SBA in the amount of $800,000.00. SBA applied the payment first to accrued interest with the remaining balance applied to principal.

25. Defendant remains capitally impaired in violation of 13 C.F.R.§107.1810(f)(5).

26. As of July 13, 2006, Defendant was indebted to SBA for the total sum of $20,315,932.00 including principal of $19,299,744.96 and accrued interest and fees in the amount of $1,016,187.04 with a per diem interest rate of $3,236.28.

27. As a consequence of Defendant's violation of 13 C.F.R.§§107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C.§§687(d) and 687c, including the appointment of SBA as Receiver of AMT, and is also entitled to judgment in the amount of $20,315,932.00 including principal in the amount of $19,299,744.96 and accrued interest in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 for each day thereafter until the date judgment is entered and post judgment interest thereon.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

Complaint for Injunctive and Other Relief - Page 7

A.  That permanent injunctive relief be granted restraining Defendant, its managers, general partner, limited partners, officers, agents, employees, financial advisors, and other persons acting on AMT's behalf, or in concert or participation therewith, from:

    (1) making any disbursements of Defendant's funds;

    (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of AMT, wherever located; and

    (3) further violating the Act or the Regulations promulgated thereunder;

B.  That this Court determine and adjudicate AMT's noncompliance with and violation of the Act and the Regulations promulgated thereunder;

C.  That this Court take exclusive jurisdiction of AMT and all of its assets, wherever located, and appoint SBA as permanent, liquidating receiver of AMT for the purpose of liquidating all of AMT's assets and satisfying the claims of creditors therefrom in the order of priority to be determined by this Court, and pursuing causes of action available to AMT against third parties, as appropriate;

D.  That this Court render Judgment in favor of SBA and against AMT in the amount of $20,315,932.00, including principal in the amount of $19,299,744.96 and accrued interest in the amount of $1,016,187.04 as of July 13, 2006, with a per diem rate of $3,236.28 up to the date of entry of judgment, plus post judgment interest pursuant to 28 U.S.C.§1961 as of the date judgment is entered; and

E. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

RICHARD B. ROPER
UNITED STATES ATTORNEY

KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
TX Bar No. 13638020
1100 Commerce Street, Rm 300
Dallas, Texas 75242
Telephone: 214.659.8600
Facsimile: 214.767.2916
Email: katherine.mcgovern@usdoj.gov

**OF COUNSEL:**
WILLIAM L. GERY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
202.401-2803
202.481.0324 (fax)
Email: william.gery@sba.gov

⬥JS 44 (Rev. 3/99)  **ORIGINAL**  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
AMT Capital, LTD

(b) County of Residence of First Listed _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Dallas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
OCT 13 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT

(c) Attorney's (Firm Name, Address, and Telephone Number)
KATHERINE SAVERS MCGOVERN    Tel. (214) 659-8650
U.S. Attorney's Office for the Northern District of Texas
1100 Commerce Street, 3rd Floor
Dallas, Texas  75242

Attorneys (If Known)

**3-06CV1883-K**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☒ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint for injunctive relief and judgment in favor of SBA pursuant to 15 U.S.C. § 687c, Small Business Investment Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 20.3 million
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  X No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 10-13-2006
SIGNATURE OF ATTORNEY OF RECORD  /s/ Katherine McGovern

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR AMT CAPITAL, LTD.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

**U. S. DISTRICT COURT - DE**
MISC. CASE # 06-221

WRITER'S DIRECT TELEPHONE: (202) 205-7514

FAX NUMBER: (202) 205-6957

December 6, 2006

Mr. Peter T. Dalleo, Clerk of the Court
U.S. District Court for Delaware
844 North King Street, Lockbox 18
Wilmington, DE 19801

VIA UPS 2ND DAY DELIVERY

Re:   United States of America v. AMT Capital, LTD.
      Civil Action No. 3-06CV1883-K

Dear Mr. Peter T. Dalleo:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Northern District of Texas Dallas Division, has taken exclusive jurisdiction of AMT Capital, LTD ("AMT") and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of AMT may be located in your jurisdiction. We therefore are enclosing for filing, copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for AMT, stayed all legal proceedings involving AMT, and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to AMT are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: _____
     Michele L. Pittman, Chief
     Corporate Liquidation and Receivership Operations
     Office of SBIC Liquidation